Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
Meredith L. Williams (State Bar No. 292888)
mwilliams@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Craig J. Englander (State Bar No. 157945)
LEWIN & ENGLANDER
cjelaw@verizon.net
13101 W. Washington Boulevard, Suite 421
Los Angeles, CA 90066
Telephone: 310-298-9644

Attorneys for Plaintiff and Counterclaim-Defendant
LAGREE FITNESS, INC. and LAGREE
TECHNOLOGIES. INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-

WESTERN DIVISION

| | |
|---|---|
| LAGREE FITNESS, INC., a California corporation; et al., <br><br> Plaintiff, <br><br> vs. <br><br> STUDIO PHYSIQUE, LLC, a Florida limited liability company; et al., <br><br> Defendants. | Case No. 2:25-cv-10834-ODW-MBK <br><br> Hon. Otis D. Wright, II <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER |
| STUDIO PHYSIQUE, LLC, a Florida limited liability company, et al., <br><br> Counterclaimant, <br><br> vs. <br><br> LAGREE FITNESS, INC., a California corporation; et al., <br><br> Counterclaim-Defendant. | |

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26                    -1-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

## 1.    GENERAL

1.1.    Purposes and Limitations.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2.    Good Cause Statement.  In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of both confidential and highly confidential and commercially sensitive records—including but not limited to the parties' financial information (including pricing, advertising expenditures, and revenues/profits information) and internal licensing and other business strategy-related records—disclosure of which to the public including third parties in the fitness industry (for confidential information) or to one another beyond litigation counsel and necessary experts (for highly confidential information) would create a substantial risk of serious harm to the parties' business interests, and in order to expedite the flow of information, facilitate prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonably necessary uses of such material in connection with this action, address their handling of such material at the end of the litigation, and serve the ends

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-2-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

of justice, a protective order for such information is justified in this matter. The parties shall not designate any information as confidential or highly confidential without a good faith belief that such information has been maintained in a confidential, nonpublic manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

**2.    DEFINITIONS**

2.1.    Action:  The instant action:  *Lagree Fitness, Inc. v. Studio Physique, LLC*, Case No. 2:25-cv-10834-ODW-MBK.

2.2.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.    "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5.    Counsel:  attorneys and law firms who are retained to represent or advise a party to this Action, including support staff.

2.6.    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.7.    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-3-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

2.8.   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9.   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.  Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.11.  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12.  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13.  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.14.  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4.   DURATION

Once a case proceeds to trial, all of the court-filed information to be introduced

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-4-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

at trial that was previously designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial in accordance with Civil Local Rule 79-5.  See Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

For CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO") materials that are (a) not introduced as evidence at trial or (b) are introduced at trial  under order by the Court to maintain their confidential status pursuant to a finding that compelling reasons supported by specific factual findings justify continued CONFIDENTIAL or AEO treatment (as outlined above), the confidentiality obligations imposed by this Order shall remain in effect until Final Disposition as defined in Section 13, or until a Designating Party agrees otherwise in writing, or a court order otherwise directs.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-5-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    <u>Manner and Timing of Designations</u>.    Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.    Designation in conformity with this Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page that contains protected material.    If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.    During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."    After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.    Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" legend to each page

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-6-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, or within a reasonable time—i.e. within fifteen (15) calendar days—after receipt of the transcript, provided that the Designating Party must advise the other party and court reporter during the deposition that the transcript (in its entirety, or preferably only more limited portions thereof, in accordance with Section 5.1) should be treated as CONFIDENTIAL and/or AEO provisionally pending that review and final designation of specific documents and testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute

Rutan & Tucker, LLP
*attorneys at law*

2969/040060-0002
23558464.5 a04/14/26

-7-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

resolution process under Local Rule 37-1, *et seq.*, as modified by Judge Kaufman's Procedures. *See* https://www.cacd.uscourts.gov/honorable-michael-b-kaufman. Any discovery motion must strictly comply with these procedures.

6.3.    Burden.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.    Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.    Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    Basic Principles.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.    Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.    When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees of the Receiving Party to

whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit "A");

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit "A");

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit "A" hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit "A"), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.   Disclosure of "HIGHLY  CONFIDENTIAL− ATTORNEYS' EYES ONLY" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Counsel, as well as employees of said

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-9-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit "A"), unless the Receiving Party knows or has a reason to know that the Expert anticipates becoming an employee of a Party or of a Party's competitor, in which case the Receiving Party shall not disclose the information designated as HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY to the Expert without prior written authorization from the Disclosing Party or after a Court order obtained pursuant to the procedures set forth under Local Rule 37-1, *et seq.*, and in which proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert;

(c)    the Court and its personnel;

(d)    private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit "A");

(e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit "A");

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26                    -10-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as

prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-12-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A."

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12.    MISCELLANEOUS**

12.1.    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless

otherwise instructed by the Court.

## 13.  FINAL DISPOSITION

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, but does not include any materials introduced at trial that became public pursuant to Section 4.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14.  VIOLATION OF ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-14-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  April 14, 2026

RUTAN & TUCKER, LLP
RONALD P. OINES
MEREDITH L. WILLIAMS

By:       */s/ Meredith L. Williams*
Meredith L. Williams
Attorneys for Plaintiffs and Counter-Defendants
LAGREE FITNESS, INC. and
LAGREE TECHNOLOGIES, INC.

Dated:  April 14, 2026

K&L GATES LLP

By:       */s/ Jonathan P. Hersey*
Jonathan P. Hersey
Attorneys for Defendant and Counterclaimant
STUDIO PHYSIQUE, LLC

Rutan & Tucker, LLP
*attorneys at law*

2969/040060-0002
23558464.5 a04/14/26

-15-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

## Attestation Regarding Signature

I, Meredith L. Williams, am the ECF user whose ID and password are being used to file the foregoing Joint Report. Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that I have obtained concurrence in the filing of this document from counsel for Defendant and Counterclaimant STUDIO PHYSIQUE, i.e. all other signatories listed above, and on whose behalf this filing is submitted.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Dated: April 14, 2026

RUTAN & TUCKER, LLP

By: _/s/ Meredith L. Williams_
Meredith L. Williams
*Attorneys for Plaintiffs and Counterclaim-Defendants*
LAGREE FITNESS, INC. and
LAGREE TECHNOLOGIES, INC.

**IT IS SO ORDERED**.

Dated: 04/14/2026

_____
MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-16-

[PROPOSED] STIPULATED
PROTECTIVE ORDER

EXHIBIT "A" TO PROTECTIVE ORDER

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Lagree Fitness, Inc. v. Studio Physique, LLC*, Case No. 2:25-cv-10834-ODW-MBK.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Rutan & Tucker, LLP
attorneys at law

2969/040060-0002
23558464.5 a04/14/26

-17-

[PROPOSED] STIPULATED
PROTECTIVE ORDER